## Robertson *v.* Williams.

A writ of error will not lie from the High Court of Errors and Appeals to a magistrate's court, on a proceeding of forcible entry and detainer. The remedy is by appeal to the Circuit Court.

IN ERROR.

Motion to dismiss the writ of error in this case.

Gholson, for the motion.

Howard, contra.

*Per Curiam.*

This was a proceeding for an unlawful detainer, which originated before a court organized according to the statute, and it is brought to this court by writ of error. A motion is now made to dismiss it for want of jurisdiction.

The summary possessory remedy for an unlawful detainer is given by statute, which secures the right of appeal to the circuit court when the trial is had *de novo*. A court organized for the trial of such action is composed of two justices of the peace of the county. They are for this particular purpose constituted a special court, having no other jurisdiction than to try the particular case, and when this is done, their functions as a court cease. They are no longer in existence as a court. This is a sufficient reason why a writ of error will not lie. There is no court on which it could operate. But in addition to this, the statute has secured the right of appeal to the circuit court, when the matter is tried *de novo*, and we are induced to conclude that it was never intended that any other remedy should be resorted to. It is not within the true meaning of the term a court; it is more properly an inquest, and we do not think the writ of error is the proper remedy.

Motion to dismiss sustained.